United States District Court
Southern District of Texas
**ENTERED**
December 18, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| KYLE TYSON CHANEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:22-CV-415 |
| | § | |
| J.E. EDDIE GUERRA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### REPORT AND RECOMMENDATION

Plaintiff Kyle Tyson Chaney, proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1.) Plaintiff alleges that he is being medically neglected at the Hidalgo County Detention Center. (*Id.* at 3-5.) Pending is Plaintiff's "Application to Proceed Without Prepayment of Fees." (Docket Nos. 7, 16.) Plaintiff seeks in forma pauperis (IFP) status in order to proceed with his lawsuit without paying the required $402 filing fee. As discussed below, because Plaintiff has failed to show that he is unable to pay the filing fee, the undersigned recommends that his IFP application be denied.

### I. DISCUSSION

As noted, Plaintiff filed this civil rights action asserting that he is being medically neglected by staff at the Hidalgo County Detention Center. Specifically, he alleges that he "felt a very sharp pain in [his] groin while climbing to [the] top bunk that was issued to [him]." (Docket No. 1, at 3.) He asserts that he suffered a hernia and that he is "still left unattended to [his] painful medical injury that [he] believe[s] to be an emergency." (*Id.* at 4-5.) As relief, Plaintiff seeks "the proper help [and] attention needed by medical staff." (*Id.* at 6.) In addition, he is asking for monetary damages in the amount of "$5,000,000 for the suffering that [he] has had to painfully endure," as

well as both compensatory and punitive damages. (*Id.* at 6-7.) In addition, in lieu of paying the filing fee, Plaintiff has filed an "Application to Proceed Without Prepayment of Fees." (Docket Nos. 7, 16.)

While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). To qualify to proceed without paying the filing fee, an applicant must show that he is financially "unable to pay such fees." 28 U.S.C. § 1915(a). The applicant need not "be absolutely destitute," but rather he must demonstrate by affidavit that because of his poverty, he cannot "pay or give security for the costs . . . and still be able to provide himself and his dependents with the necessities of life." *Adkins v. DuPont Co.*, 335 U.S. 331, 339 (1948). In actions for civil damages, like Plaintiff's case, IFP applications are to be granted more sparingly. *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975) (superseded on other grounds) ("[I]n civil cases for damages . . . the courts should grant the privilege sparingly.").

Considering Plaintiff's financial affidavit in light of this standard, he has failed to show that he is unable to pay the filing fee. Here, Plaintiff has filed an "Application to Proceed Without Prepayment of Fees." (Docket Nos. 7, 16.) In his application, he asserts that he has been unemployed since January 27, 2022 (during the time of his incarceration), and that he has no cash or assets of any kind. (Docket No. 7, at 1-2; Docket No. 16, at 1-2.) On the other hand, while incarcerated he has been receiving $25 per month from family members, which he expects to continue receiving in the future. (Docket No. 7, at 2.)

However, Plaintiff was informed that his initial IFP application was deficient because he "failed to include a certified statement of his inmate trust fund account" for the six-month period

preceding the filing of this action. (Docket No. 15, at 1 (citing 28 U.S.C. § 1915(a)(2)).) Plaintiff was ordered to either pay the filing fee or file an amended application to proceed in forma pauperis. (Docket No. 15, at 2.) Plaintiff was ordered to do so "within thirty (30) days." (*Id.* (emphasis in original).) Plaintiff responded by filing an amended IFP application, in which he again asserts that he has no money or assets of any kind. (Docket No. 16.) However, his second IFP application again failed to include a certified statement of his inmate trust fund account. (*Id.*)

As such, after considering Plaintiff's IFP applications in light of the standard, it is clear that Plaintiff has failed to show that he is unable to pay the filing fee. Furthermore, the Court has been "appropriately lenient" with Plaintiff in giving him considerable time to correct his deficiencies, which he has failed to do.[1] *Hulsey*, 929 F.2d at 171 ("right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law").

## II. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's "Application to Proceed Without Prepayment of Fees" (Docket Nos. 7, 16) be DENIED. It is further recommended that Plaintiff be given an additional thirty (30) days to pay the required $402 filing fee.

## NOTICE

The Clerk shall send a copy of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. §

---

[1] In addition, Section 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Here, the District Court might be justified in dismissing Plaintiff's action with prejudice in light of his repeated failure to show that he is entitled to proceed in forma pauperis. However, in the interest of justice, it is recommended that Plaintiff's IFP applications be denied without prejudice and that he be given an additional thirty (30) days with which to pay the $402 filing fee.

3

636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on December 15, 2023.

Nadia S. Medrano
UNITED STATES MAGISTRATE JUDGE