United States Courts
Southern District of Texas
FILED
*March 01, 2024*
Nathan Ochsner, Clerk of Court

United States District Court
Southern District of Texas
**ENTERED**
March 01, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| KYLE TYSON CHANEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:22-CV-415 |
| | § | |
| J.E. EDDIE GUERRA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff Kyle Tyson Chaney, proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1.) In his complaint, Plaintiff alleges that he is being medically neglected at the Hidalgo County Detention Center. (*Id.* at 3-5.) When he filed this action Plaintiff failed to pay the filing fee, but he later filed an "Application to Proceed Without Prepayment of Fees." (*See* Docket Nos. 7, 16.) However, Plaintiff's application to proceed in forma pauperis (IFP) has been denied. (Docket No. 18.) Since his IFP application was denied, Plaintiff has failed to pay the filing fee, failed to correct his deficiencies, and otherwise failed to prosecute this action. Accordingly, the undersigned recommends that this action be dismissed.

## I. BACKGROUND

As noted, Plaintiff filed this civil rights action asserting that he is being medically neglected by staff at the Hidalgo County Detention Center. Plaintiff's allegations of medical neglect centers around his assertion that he suffered a hernia that is not being properly treated. (*See* Docket Nos. 1, at 3-6; Docket No. 17, at 1-2.) Plaintiff has attempted to proceed with this action with IFP status. (Docket Nos. 7, 16.) However, due to Plaintiff's deficiencies, the District Court denied

Plaintiff IFP status and ordered him to pay the filing fee. (*See* Docket Nos. 17, 18.) Plaintiff failed to do so; instead, moving for an extension of time. (Docket No. 19.) After missing the extension of time that was granted, Plaintiff has neither paid the filing fee, nor has he taken any other action in this case.

## II.  ANALYSIS

Plaintiff's action is subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Plaintiff has failed to comply with the relevant rules and to prosecute this action. To begin with, Plaintiff's applications to proceed IFP have been deficient. In addition, he has repeatedly failed to correct his deficiencies and has missed court-ordered deadlines. To make matters worse, Plaintiff failed to respond to a Court order directing him to pay the required filing fee to proceed with this action.

Furthermore, to qualify to proceed without paying the filing fee, an applicant must show that he is financially "unable to pay such fees." 28 U.S.C. § 1915(a). The applicant need not "be absolutely destitute," but rather he must demonstrate by affidavit that because of his poverty, he cannot "pay or give security for the costs . . . and still be able to provide himself and his dependents with the necessities of life." *Adkins v. DuPont Co.*, 335 U.S. 331, 339 (1948). In actions for civil

damages, IFP applications are to be granted more sparingly. *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975) (superseded on other grounds) ("[I]n civil cases for damages . . . the courts should grant the privilege sparingly."). Here, Plaintiff failed to provide enough information to the Court to show that he is financially "unable to pay [the filing] fees." *See* 28 U.S.C. § 1915(a).

Put simply, this action should be dismissed for failure to prosecute. *See Torres v. Krueger*, 596 F. App'x 319, 321 (5th Cir. 2015) (In affirming the district court's dismissal of the action with prejudice, the Fifth Circuit noted the parties' failure to respond to the court's order.); *see also In re Wood*, 199 F. App'x 328, 333 (5th Cir. 2006) (the Fifth Circuit noted egregious delays of two years and seven years) (string citation omitted); *Greathouse v. Tex. Dep't of Criminal Justice*, 379 F. App'x 403, 404 (5th Cir. 2010) (affirming district court's dismissal of a civil rights complaint where the plaintiff failed to comply with the court's order to pay a filing fee); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (explaining that a district court may dismiss an action sua sponte for failure to comply with court orders). It appears that no lesser sanction is available based on Plaintiff's repeated deficiencies in this action.[1]

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that this civil action be DISMISSED for failure to prosecute.

### NOTICE

The Clerk shall send a copy of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. §

---

[1] Should Plaintiff respond to the Court's previous order (Docket No. 18) by correcting his deficiencies, the Court may then wish to consider whether less drastic sanctions may be appropriate.

636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

SO ORDERED, the 1st of March, 2024 at McAllen, Texas.

_____
NADIA S. MEDRANO
United States Magistrate Judge